UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EMERSON ENTERPRISES, LLC,

                                    Plaintiff,                No. 03-CV-6530 CJS

-vs-
                                                              DECISION AND ORDER

KENNETH CROSBY- NEW YORK, INC., et al.,

                                    Defendants.

---

## APPEARANCES

For Plaintiff:                      Alan J. Knauf, Esq.
                                    Knauf Shaw, LLP
                                    975 Crossroads Building, 2 State Street
                                    Rochester, New York 14614

For the Crosby Defendants:          Alexander Geiger, Esq.
                                    Geiger & Rothenberg, LLP
                                    45 Exchange Street, Suite 800
                                    Rochester, New York 14614

## INTRODUCTION

Now before the Court are Plaintiff's Objections [#272] to an Order [#270] of the

Honorable Marian W. Payson, United States Magistrate Judge, which granted the

Crosby Defendants' motion to compel discovery [#255]. For the reasons that follow,

Plaintiff's Objections are denied and the Order is affirmed.

## BACKGROUND

The underlying facts of this case have been set forth in several prior Decisions

and Orders of this Court, and need not be repeated here. For purposes of this Decision

and Order, it is sufficient to note that after the Crosby Defendants sought discovery of

1

all of the materials that Plaintiff provided to its expert witness, S. Bruce Kohrn ("Kohrn"),

pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(B), Plaintiff declined to

produce documents that it deemed "core attorney work product," referring to attorney

theories, opinions, and mental impressions, on the grounds that they were privileged.

The Crosby Defendants subsequently filed the subject Motion to Compel [#255].  On

November 27, 2007, Magistrate Judge Payson heard oral argument on the motion and

issued an oral ruling granting the application, and on November 28, 2007, she issued a

Summary Order [#270] to that effect.  On December 10, 2007, Plaintiff filed timely

Objections [#272] to that Order.

Plaintiff's Objections were submitted to this Court pursuant to FRCP 72, which

states, in relevant part, that

> [w]hen a pretrial matter not dispositive of a party's claim or defense is
> referred to a magistrate judge to hear and decide, the magistrate judge
> must promptly conduct the required proceedings and, when appropriate,
> issue a written order stating the decision. A party may serve and file
> objections to the order within 10 days after being served with a copy. A
> party may not assign as error a defect in the order not timely objected to.
> The district judge in the case must consider timely objections and modify
> or set aside any part of the order that is clearly erroneous or is contrary to
> law.

Consequently, the issue before the Court is whether the Magistrate Judge's Order was

clearly erroneous or contrary to law.  The Court finds that it was not.

The applicable legal rule, FRCP 26(a)(2)(B)[1], provides, with regard to the

disclosure of expert testimony, that the party retaining the expert must disclose "the

---

[1]Plaintiff claims that FRCP 26(b)(4)(B) is also applicable, however, the Court disagrees, since the moving Defendants are not seeking disclosure of information that Plaintiff provided to its consulting expert, but rather, are seeking the information that Plaintiff provided to Kohrn, some of which apparently pertains to the consulting expert.

2

data or other information considered by the witness in forming the opinions." The

Advisory Committee Notes to the 1993 Amendments to the rule further state, in relevant

part, that

> [t]he report is to disclose the data and other information considered by the
> expert and any exhibits or charts that summarize or support the expert's
> opinions. Given this obligation of disclosure, litigants should no longer be
> able to argue that materials furnished to their experts to be used in
> forming their opinions - whether or not ultimately relied upon by the expert
> - are privileged or otherwise protected from disclosure when such
> persons are testifying or being deposed.

However, Plaintiff contends that there is an exception to this rule for "core attorney work

product." On this point, Plaintiff cites, *inter alia, Haworth, Inc. v. Herman Miller, Inc.*,

162 F.R.D. 289, 295  (W.D. Mich. 1995) (Holding that FRCP 26(a)(2)(B) requires only

the disclosure of "*factual* information considered by the expert," and not "attorney

*opinion* work product." ) (emphasis added).

In rejecting that view, Magistrate Judge Payson found that although there is no

controlling Second Circuit precedent on this issue, the majority of cases, which she also

found were better reasoned than those taking the opposing view, interpret FRCP

26(a)(2)(B) to require the disclosure of all materials provided to the expert, including

those which fall under the category of "core attorney work product." Specifically, the

Magistrate Judge indicated that she agreed with, *inter alia*, the following decisions:

*Regional Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697 (6th Cir. 2006), *In re*

*Pioneer Hi-Bred Int'l*, 238 F.3d 1370 (Fed. Cir. 2001), *Sparks v. Seltzer*, No. 05-CV-

1061 (NG)(KAM), 2007 WL 295603 (E.D.N.Y. Jan. 29, 2007), and *W.R. Grace & Co. -*

*Conn. v. Zotos Int'l, Inc.*, No. 98-CV-838 S(F), 2000 WL 1843258 (W.D.N.Y. Nov. 2,

2000).

This Court finds that Magistrate Judge Payson's decision was not "clearly

erroneous or contrary to law," and consequently, Plaintiff's Objections are denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections [#272] are denied, and

Magistrate Judge Payson's Order [#270] is affirmed.

So Ordered.

Dated: Rochester, New York
     January __10__, 2008

ENTER:

_Charles Siragusa_
CHARLES J. SIRAGUSA
United States District Judge

4